Neal *vs.* Duffee.

from the date of the judgment dismissing the appeal until there was a legal levy made by the sheriff on the property claimed? What constitutes a legal levy by a sheriff on land in this state? The sheriff must not only make an entry of his levy on the execution, but must also, within five days thereafter, leave a written notice of such levy with the tenant in possession of the land, if any, or with the defendant if in the county, or transmit such notice by mail to the defendant within the time aforesaid: Code, section 3643. In our judgment, the date of the levy of the sheriff, in this case, is not to be counted as against the claimant further back than the time that notice was given to the defendant, or his tenant, of the levy on the land, although the entry of the levy on the execution without such notice may be of an older date. In other words, the mere entry of a levy by a sheriff on an execution, without giving the written notice as required by the statute is not such a legal levy as will defeat the claimant's four years possession. The statute run in favor of the claimant's possession of the land as a *bona fide* purchaser thereof for a valuable consideration as against the plaintiff's judgment lien until the sheriff gave him legal notice of the levy of the plaintiff's execution thereon.

In view of the evidence contained in the record, we find no error in the second charge of the court complained of. There being sufficient evidence to sustain the verdict there was no error in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.

---

JOHN NEAL, plaintiff in error, *vs.* JAMES DUFFEE, administrator, defendant in error.

1. A mortgage made in 1852, to secure a debt which fell due in the following year, is within the limitation act of 1869, and was barred on the first of January, 1870: See 49 *Georgia*, 441.

2. The bar of the statute attached, notwithstanding the mortgagor, on the face of the instrument, reserved to himself and family all the rights al-

Neal *vs.* Duffee.

lowed by law to insolvent debtors in and to fifty acres of the mortgaged premises, and although the mortgagor lived till the year 1871, and never took the benefit of the reservation. The legal effect of the reservation was not to postpone proceedings to foreclose until after the particular fifty acres should be laid off under the insolvent laws, or until after the mortgagor had enjoyed the estate during his life, but simply to give fair warning that when the mortgage came to be enforced fifty acres of the land would be claimed to be exempt from its lien, in favor of the mortgagor and his family, as in the case of insolvent debtors.

Mortgage.    Statute of limitations.    Before Judge HALL. Pike Superior Court.    October Term, 1874.

On October 9th, 1873, John Neal commenced proceedings against James Duffee, as administrator upon the estate of William Duffee, deceased, to foreclose a mortgage on certain land, executed on October 6th, 1852, to secure a note bearing the same date, due at twelve months, for $176 80.   The defendant pleaded the general issue, the statute of limitations, and especially the limitation act of March 16th, 1869.   To avoid the last plea the plaintiff, by way of replication, relied upon the following language in the mortgage, inserted between the usual granting and *habendum* clauses : " Reserving to myself and to my family all the rights allowed by law to insolvent debtors in and to fifty acres off of said lot ;" alleging that the mortgagor died in the year 1871, never having availed himself of said reservation.

To this replication the defendant demurred.   The demurrer was sustained, and the plea held good.   To these rulings plaintiff excepted.

POPE & DUPREE; A. M. SPEER, for plaintiff in error.

BOYNTON & DISMUKE, for defendant.

BLECKLEY, Judge.

The head-notes set forth the opinion of the court. Judgment affirmed.